FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRYAN PAUL HERNANDEZ (*also known as* Selene Violet Henderson),<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | No. 2:24-CV-00418-SAB<br><br>**ORDER DISMISSING ACTION** |

Plaintiff, a civilly committed detainee currently housed at the Eastern State Hospital ("ESH"), brings this *pro se* civil rights complaint challenging the enactment of the Federal Reserve Act of 1913. ECF No. 1. Plaintiff alleges no injury and seeks no monetary damages. *Id.* at 7. By separate Order the Court has granted Plaintiff leave to proceed *in form pauperis,* but without the obligation to pay the filing fee. Defendant has not been served.

Plaintiff claims the Federal Reserve Act of 1913 was passed without a "legal quorum" and President Woodrow Wilson signed the Act "under considerable pressure" which he later regretted by stating "I am a most unhappy man, unwittingly I have ruined my country." ECF No. 1 at 4–5. Plaintiff apparently wishes to challenge the constitutionality of this act. *Id.* at 5. Plaintiff does not state by what authority Plaintiff may do so, acknowledging "No one has challenged the

ORDER DISMISSING ACTION -- 1

act in a court of competent jurisdiction." *Id.*

Plaintiff asserts: "This is not a 'Sovereign Citizen' argument to avoid paying taxes. This is not an action to challenge the Internal Revenue Service." *Id.* at 5–6. Plaintiff acknowledges an obligation to pay taxes. *Id.* at 6. Plaintiff then asserts that "on further discovery there will be additional evidence to support my claim of unconstitutionality and/or unlawfulness in part or in whole of the Federal Reserve Act of 1913." *Id.* Plaintiff asks this Court to "consider the legislative history surrounding the Federal Reserve Act of 1913, including the criminal charges that were brought up (but were never filed) against government officials in 1933 in order to perform a de novo review of the constitutionality of the law and whether there was a sufficient quorum to enact the legislation." *Id.* at 7. For the reasons set forth below, this Court lacks jurisdiction to consider Plaintiff's claims.

"A federal court cannot pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies." *Baker v. Carr*, 369 U.S. 186, 204 (1962) (citation omitted). It is not consistent with the powers granted the judiciary in Article III of the Constitution to issue advisory opinions. *See* U.S. Const. art. III. Within the meaning of Article III, Federal Courts will only decide "cases or controversies." *See Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945). "The mere existence of a statute ... is not sufficient to create a case or controversy within the meaning of Article III." *Stoianoff v. Montana*, 695 F.2d 1214, 1223 (9th Cir. 1983).

To satisfy Article III standing requirement, plaintiffs must show that "(1) they have suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.,* 528 US 167, 180–81 (2000). "A

ORDER DISMISSING ACTION -- 2

suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F3d 1169, 1174 (9th Cir. 2004), *citing Steel Co. v. Citizens for a Better Env't*, 523 US 83, 101 (1998).

Plaintiff does not identify the harm Plaintiff has suffered. Consequently, Plaintiff has failed to show "injury in fact," that is "fairly traceable" to the enactment of the Federal Reserve Act of 1913. *See Lujan v. Defenders of Wildlife*, 504 U.S.555, 560–561 (1992). In the absence of actionable harm, this Court lacks jurisdiction to consider Plaintiff's claims. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772 (2000) ( "An interest unrelated to injury in fact is insufficient to give a plaintiff standing.").

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). Liberally construing the allegations in the light most favorable to Plaintiff, the Court finds that it lacks jurisdiction to consider Plaintiff's claims and amendment would be futile.

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

//
//
//
//
//
//
//

ORDER DISMISSING ACTION -- 3

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk of Court shall file this Order, **enter judgment,** provide copies to *pro se* Plaintiff, and **close** the file.

**DATED** this 28th day of March 2025.



Stanley A. Bastian
Chief United States District Judge

ORDER DISMISSING ACTION -- 4